Birchard, J.
It was formerly held in this state that if a sufficient bond was not filed in due time, the appellate court had no jurisdiction of the case, and could neither permit a new bond to be filed nor make any other order in the case. Owing to carelessness of parties, and others in preparing and executing bonds, many appeals were consequently lost. To remedy the evil a statute waai provided, Swan’s Stat. 686, authorizing the appellate court to order a new bond to be given, if, on exception taken, the bond should be found defective either in form or in any other respect. This boing a remedial statute, should be liberally construed. The condition of this bond is defective. It does not name the suit. From its face, independent of the indorsement, it could not be ascertained that it belonged to any particular suit in court; yet giving the law a liberal interpretation, it may with propriety be called a defective appeal bond, and justify an order to file a new one. Taking the fane of the instrument in connection with the indorsement, there is something to amend by. It is under seal, and purports to bind J. H. Baldwin to Horace Stevens, in the sum of one hundred *360 dollars. This makes it a bond. As the law now stands' any paper coming within the legal definition of a bond, employing the term in its largest sense, however defective in other respects, will, if filed in due time for that purpose, sustain an appeal. An instrument without obligor or obligee, or in blank, as to the sum, would be insufficient. The motion to quash overruled. Leave given to file a new bond.